SCOTT-NEWCOMB, INC., A BODY CORPORATE, PLAINTIFF-APPELLANT, v. LOUIS E. MARRON, DEFENDANT-RESPONDENT.

Argued October 17, 1940—Decided January 28, 1941.

For the appellant, *Kimmel & Kimmel* (*Davis Kimmel* and *Marlin Kimmel*).

For the respondent, *Breslin & Breslin* (*John J. Breslin, Jr.,* and *James A. Major*).

The opinion of the court was delivered by

BODINE, J. This is plaintiff's appeal from a judgment for defendant on a verdict directed at the second trial of the cause. The grounds of appeal (omitting alphabetical specifications of reasons for assigning them) are, (1) that the court erred in refusing to vacate a rule to show cause after the first trial, why the verdict for plaintiff should not be set aside; (2) in finding that the first verdict was against the weight of evidence; (3) in making the order setting the verdict aside; (4) in vacating the judgment entered on that verdict; (5) in ordering a new trial; (6) in proceeding with such new trial; (7) in directing a verdict for defendant at such second trial. It is obvious that in substance only one error is charged, viz., in setting aside the first verdict and ordering a new trial; and that we are now asked to review only the exercise

of the discretionary power lodged in the trial court, as an error in law, after the final judgment following a second trial, and for alleged error occurring before that second trial was had.

The second trial was a mere formality. Plaintiff produced no witnesses, but offered in evidence the pleadings in the case —a mere gesture, as the proceedings in the case, though subject to inspection at the discretion of the trial judge (*Portley* v. *Hudson and Manhattan Railroad Co.*, 113 *N. J. L.* 13, and cases cited) are not part of the evidence. Plaintiff also offered a transcript of the testimony at the first trial and a number of other documents, some of which were admitted, others excluded. No claim of any error in this regard is now made. Plaintiff rested, and defendant also rested. The court took time to examine the papers, and presently directed a verdict for defendant. This was manifestly proper on the case as it then was *coram judice*. That being clear, the only question remaining is whether there was legal error in the former award of a new trial. The rule is fundamental that this is a matter of discretion.

The record at the previous trial, as before stated, demonstrated beyond a doubt the propriety of the court's ruling. The exercise of a sound discretion is certainly not to be disturbed. *Gaffney* v. *Illingsworth*, 90 *N. J. L.* 490; *Robinson* v. *Payne*, 99 *Id.* 135; *Martin* v. *Lehigh Valley Railroad*, 114 *Id.* 243; *Trovato* v. *Capozzi*, 19 *Id.* 147.

The defense, at the first trial stripped of verbiage, was that the contract had been, shortly after execution, assigned to a corporation formed as provided, and that thereafter the plaintiff's dealings had been with such corporation. Numerous letters, invoices, and a telegram so demonstrated. Not only was the defense pleaded but the written proofs established it. Knowledge of the corporation and its place in the contract appears in at least seventy-nine exhibits, all communications from the plaintiff.

The trial judge properly set aside the verdict. He was not balancing conflicting proofs, but according due weight to an established situation.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.

*For reversal*—None.